3:02 CV 1680 (JBA)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------x
THOMAS KINIRY                             :
                                          :   3:02 CV 1680 (JBA)
    v.                                    :
                                          :
METRO-NORTH RAILROAD CO. ET AL.           :   DATE: DECEMBER 19, 2003
-----------------------------------------x
-----------------------------------------x
KARL KAUTZ                                :
                                          :   3:02 CV 1874 (JBA)
    v.                                    :
                                          :
METRO-NORTH RAILROAD CO. ET AL.           :   DATE: DECEMBER 19, 2003
-----------------------------------------x
-----------------------------------------x
BILLY JOE WILSON                          :
                                          :   3:02 CV 1876 (DJS)
    v.                                    :
                                          :
METRO-NORTH RAILROAD CO. ET AL.           :   DATE: DECEMBER 19, 2003
-----------------------------------------x
-----------------------------------------x
FREDERICK N. KOVAL                        :
                                          :   3:02 CV 1879 (GLG)
    v.                                    :
                                          :
METRO-NORTH RAILROAD CO. ET AL.           :   DATE: DECEMBER 19, 2003
-----------------------------------------x
```

AO 72A
(Rev. 8/82)

```
-------------------------------------------------x
SIGISMONDO LoVERME                  :
                                    :   3:02 CV 1880 (PCD)
v.                                  :
                                    :
METRO-NORTH RAILROAD CO. ET AL.     :   DATE: DECEMBER 19, 2003
                                    :
-------------------------------------------------x
-------------------------------------------------x
HENRY MACKEY                        :
                                    :   3:02 CV 1881 (AWT)
v.                                  :
                                    :
METRO-NORTH RAILROAD CO. ET AL.     :   DATE: DECEMBER 19, 2003
                                    :
-------------------------------------------------x
-------------------------------------------------x
MICHAEL BETTINI                     :
                                    :   3:02 CV 2030 (RNC)
v.                                  :
                                    :
METRO-NORTH RAILROAD CO. ET AL.     :   DATE: DECEMBER 19, 2003
                                    :
-------------------------------------------------x
-------------------------------------------------x
PAUL CIUZIO                         :
                                    :   3:02 CV 2032 (JBA)
v.                                  :
                                    :
METRO-NORTH RAILROAD CO. ET AL.     :   DATE: DECEMBER 19, 2003
-------------------------------------------------x
```

2

AO 72A
(Rev. 8/82)

```
---------------------------------------------x
CLYDE GIBBS                                  :
                                             :    3:02 CV 2037 (WWE)
    v.                                       :
                                             :
                                             :
METRO-NORTH RAILROAD CO. ET AL.              :
                                             :    DATE: DECEMBER 19, 2003
---------------------------------------------x
---------------------------------------------x
THOMAS INFANTINO                             :
                                             :    3:02 CV 2038 (GLG)
    v.                                       :
                                             :
                                             :
METRO-NORTH RAILROAD CO. ET AL.              :    DATE: DECEMBER 19, 2003
---------------------------------------------x
---------------------------------------------x
JOSEPH WALZ                                  :
                                             :    3:02 CV 2041 (DJS)
    v.                                       :
                                             :
                                             :
METRO-NORTH RAILROAD CO. ET AL.              :    DATE: DECEMBER 19, 2003
---------------------------------------------x
---------------------------------------------x
DAVID B. BETRIX                              :
                                             :    3:03 CV 181 (WWE)
    v.                                       :
                                             :
                                             :
METRO-NORTH RAILROAD CO. ET AL.              :    DATE: DECEMBER 19, 2003
---------------------------------------------x
```

3

```
-------------------------------------------------x
PEDRO S. RODRIGUEZ                       :
                                         :    3:03 CV 188 (JBA)
v.                                       :
                                         :
                                         :
METRO-NORTH RAILROAD CO. ET AL.          :    DATE: DECEMBER 19, 2003
                                         :
-------------------------------------------------x
-------------------------------------------------x
ROBERT F. WRIGHT                         :
                                         :    3:03 CV 191 (RNC)
v.                                       :
                                         :
                                         :
METRO-NORTH RAILROAD CO. ET AL.          :    DATE: DECEMBER 19, 2003
-------------------------------------------------x
```

4

## RULING FOLLOWING *IN CAMERA* REVIEW

Familiarity with the factual and procedural history of this pending litigation is presumed. On September 16, 2003, this Magistrate Judge filed a Ruling on Plaintiffs' Motions to Quash Subpoena and for Protective Order, which denied plaintiffs' Motions to Quash Subpoena and for Protective Order concerning a subpoena and Notice of Deposition served by defendant Consolidated Rail Corp. ["defendant Conrail"] upon the Keeper of Records of Dr. J. Cameron Kirchner. Kiniry, 3:02 CV 1680 (JBA), Dkt. #37; Kautz, 3:02 CV 1874 (JBA), Dkt. #30; Wilson, 3:02 CV 1876 (DJS), Dkt. #31; Koval, 3:02 CV 1879 (GLG), Dkt. #22; LoVerme, 3:02 CV 1880 (PCD), Dkt. #26; Mackey, 3:02 CV 1881 (AWT), Dkt. #23; Bettini, 3:02 CV 2030 (RNC), Dkt. #26; Ciuzio, 3:02 CV 2032 (JBA), Dkt. #33; Gibbs, 3:02 CV 2037 (WWE), Dkt. #23; Infantino, 3:02 CV 2038 (GLG), Dkt. #22; Walz, 3:02 CV 2041 (DJS), Dkt. #28; Betrix, 3:03 CV 181 (WWE), Dkt. #23; Rodriguez, 3:03 CV 188 (JBA), Dkt. #25; Wright, 3:03 CV 191 (RNC), Dkt. #27.[1]

On October 3, 2003,[2] this Magistrate Judge held a telephonic discovery conference during which plaintiffs asserted that certain documents within Dr. Kirchner's files were being withheld on grounds of privilege. Kiniry, 3:02 CV 1680 (JBA), Dkt. #38; Kautz, 3:02 CV 1874 (JBA), Dkt. #31; Wilson, 3:02 CV 1876 (DJS), Dkt. #32; Koval, 3:02 CV 1879 (GLG), Dkt. #23; LoVerme, 3:02 CV 1880 (PCD), Dkt. #27; Mackey, 3:02 CV 1881 (AWT), Dkt. #24; Bettini, 3:02 CV 2030 (RNC), Dkt. #26; Ciuzio, 3:02 CV 2032 (JBA), Dkt. #34; Gibbs, 3:02 CV 2037 (WWE), Dkt. #24; Infantino, 3:02 CV 2038 (GLG), Dkt. #23; Walz, 3:02 CV 2041 (DJS), Dkt. #29; Betrix, 3:03 CV 181 (WWE), Dkt. #24; Rodriguez, 3:03 CV 188 (JBA), Dkt.

---

[1] No such motion was filed in the Bettini file, 3:02 CV 2030 (RNC).

[2] The docket sheet for Wilson, 3:02 CV 1876 (DJS) erroneously reflects that this conference was held on October 1, 2003.

AO 72A
(Rev. 8/82)

#26; Wright, 3:03 CV 191 (RNC), Dkt. #28. Pursuant to the Court's request, in a letter dated November 26, 2003 but received by the Court on December 2, 2003, plaintiffs' counsel submitted for the Court's *in camera* review a letter brief with fourteen letters authored by Attorney George Cahill; counsel for defendant Conrail responded in a letter brief dated December 3, 2003. (Kiniry, 3:02 CV 1680 (JBA), Dkt. #47).[3]

These fourteen[4] letters were sent by Attorney Cahill to clients in connection with their hearing loss claims and plaintiffs contend that the letters were "inadvertently and/or mistakenly disclosed at the office of Dr. Kirchner when [plaintiffs] went for their hearing tests." (Dkt. #47, November 26th Letter). Plaintiffs request that the Court not order the production of the fourteen letters because: (1) the letters are not responsive to the documents described in defendant Conrail's requests and plaintiffs are merely submitting them to the Court as a precaution; (2) the letters are protected by the attorney-client privilege; and (3) the clients inadvertently provided these letters to Dr. Kirchner. (Id.). Defendants respond that the letters are responsive documents; these plaintiffs have waived the attorney-client privilege by producing these letters to Dr. Kirchner; and plaintiffs did not "inadvertently" disclose the letters as they intentionally provided Dr. Kirchner with the letters,

---

[3] For ease of reference, the originals of these letters are being filed only in the Kiniry matter. The two letters have been docketed as Dkt. #47.

The following three exhibits were attached to the November 26th letter: fourteen copies of letters submitted for *in camera* inspection (App. A); affidavit of George J. Cahill, Jr., subscribed on November 26, 2003 (App. B); and copy of "Schedule 'A.'" (App. C).

The following three exhibits were attached to the December 3rd letter: copy of correspondence from Attorney Cahill to former plaintiff Corban, dated August 22, 2002 (Exh. A); copy of Authorization to Use or Disclose Protected Health Information, dated October 20, 2003 and copy of "Schedule 'A'"(Exh. B); and copy of correspondence from defense counsel to Dr. Kirchner's Keeper of Records, dated October 23, 2003 (Exh. C).

[4] Attorney Cahill erroneously refers to thirteen letters. (Dkt. #47, November 26th Letter, Exh. B, ¶ 3).

6

AO 72A
(Rev. 8/82)

thereby waiving the attorney-client privilege. (Dkt. #47, December 3rd Letter, at 2-5).

### A. RESPONSIVE DOCUMENTS

Defendants seek production, *inter alia*, of "[a]ny and all medical records and bills in [Dr. Kirchner's] possession relating to [plaintiffs]" and "[a]ny and all documents pertaining to your relationship with Cahill & Goestch, P.C." (Dkt. #47, December 3rd Letter, Exh. B). Additionally, the authorizations which were drafted by defendants and executed after review by plaintiffs' counsel authorize disclosure of Dr. Kirchner's "[c]omplete [r]ecords" relating to the named patient/plaintiff, in addition to the documents referenced above. (Id., Exhs. B-C). The letters at issue were found within the records kept by Dr. Kirchner; accordingly, such letters are documents responsive to defendants' request for production.

### B. APPLICATION OF ATTORNEY-CLIENT PRIVILEGE

The scope of discovery extends to "any matter, not privileged, that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). To invoke the attorney-client privilege, a party must demonstrate that there was "(1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice." United States v. Construction Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir.)(citations omitted), cert. denied, 519 U.S. 927 (1996). The burden of establishing the "existence of an attorney-client privilege, in all its elements, rests with the party asserting it." In re Grand Jury Proceedings, 219 F.3d 175, 182 (2d Cir. 2000)(citations & internal quotations omitted), on remand, 2001 WL 237377 (S.D.N.Y. March 2, 2001).

Although plaintiffs have failed to offer any legal support for their assertion that the letters are protected by the attorney-client privilege and such privilege has not been waived, a plain examination of the content of the letters reveals that in fact the letters reflect a

7

communication between client and counsel which was made for the purpose of providing legal advice. However, although plaintiffs' counsel contends that these letters were intended to be kept confidential and "[n]one of the clients were instructed to disclose the letter to Dr. Kirchner (or to anyone else)," nothing in the letter conveys such intent and the actions of at least fifteen plaintiffs[5] demonstrate that the communication was not kept confidential. (Dkt. #47, November 26th Letter, Exh. B, ¶¶ 4-5).

### C. WAIVER OF ATTORNEY-CLIENT PRIVILEGE

Because it is vital to a claim of privilege that the communications between attorney and client are made in confidence and maintained in confidence, any voluntary disclosure of an attorney-client communication to a third party for purposes inconsistent with maintaining confidentiality waives the attorney-client privilege as to that disclosure. See Bowne v. AmBase Corp., 150 F.R.D. 465, 478-79 (S.D.N.Y. 1993). Plaintiffs offer no legal or factual support for their assertion that there was no waiver of the attorney-client privilege because the "letters were inadvertently and/or mistakenly disclosed at the office of Dr. Kirchner when they went for their hearing tests." (Dkt. #47, November 26th Letter). However, even assuming such disclosure was not intentional (which, again, the Court notes there is no evidence that the disclosure was inadvertent), plaintiffs have failed to establish that the inadvertent disclosure was not an irrevocable waiver of the privilege.

> In order to determine whether an inadvertent disclosure of documents should be considered an irrevocable waiver of privilege, courts in this circuit have looked at the following factors: a) whether the disclosing party took reasonable precautions to prevent disclosure; b) the speed at which the disclosing party acted to rectify its mistake; c) the overall volume of documents produced in discovery; d) the number of inadvertent disclosures included among those documents; and e) fairness.

United States v. United Tech. Corp., 979 F. Supp. 108, 116 (D. Conn. 1997)(multiple

---

[5] These fourteen plaintiffs plus former plaintiff Corban. See note 6 infra.

8

citations omitted). Plaintiffs' counsel did not label this letter as privileged and confidential; plaintiffs' counsel was on notice of the existence of this letter in Dr. Kirchner's files as such letter was produced to defendants in the Corban file, 02 CV 2033(PCD),[6] and plaintiffs did not make any effort to rectify the error; such letters are relevant; and fairness dictates production of all of the letters in light of the disclosure of one to defendants and the waiver of the privilege to as many as fifteen letters.

Consequently, for the reasons stated above, plaintiffs must produce copies of the fourteen letters to defendants **on or before January 7, 2004**.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same)**; FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**.

---

[6]The Corban case is now closed.

Dated at New Haven, Connecticut, this 19th day of December, 2003.

                                                 Joan Glazer Margolis
                                                United States Magistrate Judge